RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/18/09

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| ROBIN BOUDREAUX, ET AL | * | CIVIL ACTION NO. 07-CV-0614 |
|---|---|---|
| VERSUS | * | JUDGE RICHARD T. HAIK, SR. |
| ST. MARY PARISH COUNCIL, ET AL | * | MAGISTRATE JUDGE METHVIN |

## REASONS FOR JUDGMENT

Robin and Katherine Boundreaux (hereinafter referred to as "Plaintiffs") filed this action for damages associated with injuries to their son, Jeremy Boudreaux, allegedly sustained while incarcerated at Patterson City Jail and allegedly causing, or contributing to, his subsequent death. Plaintiffs allege violations of 42 U.S.C. §1983 and also assert state claims based on this Court's alleged pendent jurisdiction pursuant to 28 U.S.C. §1367(a). Plaintiffs named as defendants the St. Mary Parish Council and the Parish of St. Mary, in addition to, the Sheriffs Department of St Mary Parish; David A Naquin, individually and in his official capacity as Sheriff of St Mary Parish; Mark Hebert, individually and in his official capacity as Warden of St Mary Parish Jai;, Kathy Thornton, individually and in her official capacity as Head Nurse and/or Nurse and/or Medical Facilitator of the St Mary Parish Jail; Officer Smith, individually and in his official capacity as an officer employed by the St Mary Parish Sheriff's Department; the City of Patterson; the Patterson City Police Department; Patrick LaSalle, individually and in his official capacity as Chief of Police of the City of Patterson; Michael Swords, individually and in his official capacity as Warden/Jailer of Patterson City Jail; Juan Blanche, M.D.; and PHC-Morgan City L.P., doing business as Teche Regional Medical Center.

Before the court is a motion for summary judgment by the St. Mary Parish Council and the Parish of St. Mary (hereinafter referred to as "defendants") to dismiss all claims against

them. The instant motion involves issues as to the alleged duties of the defendants relative to the deceased's incarceration as a Parish inmate at the Patterson City Jail. Plaintiff opposes defendants' motion. For the reasons that follow, the defendants motion for summary judgment is GRANTED and all claims against the Parish are dismissed.

## FACTUAL BACKGROUND

Plaintiffs filed this action against several defendants, including the instant movers, the St. Mary Parish Council and Parish of St. Mary (the "Parish"), as a result of the death of their son, Jeremy Boudreaux, who died on April 10, 2006. Plaintiffs allege that his death occurred either while being transported to, or shortly after arriving at, Teche Regional Medical Center in Morgan City, Louisiana, after being incarcerated in the Patterson City Jail.

Jeremy Boudreaux was serving the remainder of a suspended sentence on misdemeanor drug charges at the time of his death. Jeremy Boudreaux was placed in the Patterson City Jail in January of 2006 at the request of his father and as a result of alleged problems he was having with other inmates at the Centerville facility. According to the record, Jeremy Boudreaux was initially being held in the St. Mary Parish Jail in Centerville, Louisiana in the custody of the St. Mary Parish Sheriff, but was relocated to the Patterson City Jail pursuant to an agreement between the Sheriff and the Patterson Police Department.

On April 8, 2006, while Jeremy was incarcerated in the Patterson City Jail, he was brought to Teche Regional Medical Center in Morgan City due to complaints of gradually worsening abdominal pain which had begun several days prior. Jeremy was treated at Teche Regional Medical Center by the emergency room staff and released back into custody with a recommendation that he have a follow-up visit with Dr. Reagan Elkins on April 10, 2006.

The Complaint further alleges that Jeremy's symptoms continued to escalate the following day, April 9, 2006, and on April 10, 2006 he was again taken to Teche Regional Medical Center at approximately 9:30 p.m. Jeremy passed away either while being transported to or shortly after arriving at Teche Regional Medical Center. According to the Complaint, Jeremy had not been brought to Dr. Regan Elkins office earlier in the day on April 10, 2006 as recommended by the emergency room physicians.

## **LAW AND ANALYSIS**

### *- SUMMARY JUDGMENT*

Summary Judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure 56*. A party seeking summary judgment carries the burden of demonstrating that there is absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 US 317, 325 (1986). After a proper motion for summary judgment has been made, a non-movant must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists for every element of a claim. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1196 (5th Cir. 1986). For summary judgment purposes, all evidence produced by the non-movant is taken as true and all inferences are drawn in the non-movant's favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)

The following are undisputed facts that are material in this matter:

1. The Parish maintains two (2) jails. One is a 300-bed facility that opened in January 2000 and is located on U.S. Highway 90 in Centerville, Louisiana. The other jail is a 120-bed facility located on the 7th floor of the St. Mary Parish Courthouse in Franklin, Louisiana. All of the individuals who work at the Parish jails are employed by the Sheriff of St. Mary Parish. Jeremy Boudreaux was not housed at either of these facilities.

2. The Parish adopts annual budgets for the expenses required to operate and maintain the jails, and to feed, cloth, transport and provide medical care to Parish prisoners. For 2006, the

Parish adopted a budget in the amount of $1,375,429.00, which included, but was not limited to, the following items:
      a. Reimbursement to the Sheriff for employing a jail nurse - $56,860.00;
      b. Prisoners' medical and dental fees - $71,000.00;
      c. Prisoners' medical supplies and drugs - $114,482.00;
      d. Feeding prisoners - $250,000.00;
      e. Transportation of prisoners - $35,000.00; and
      f. Prisoner Court attendance - $20,000.00.
From January 1, 2006 through April 30, 2006, the Parish paid approximately $447,349.00, or 32% of its 2006 jail operating and maintenance budget, to maintain the Parish jails, and to feed, cloth, transport and provide medical care to prisoners housed in the Parish jails.

3. The Parish has also entered into agreements with municipalities within St. Mary Parish to house pre-trial felony detainees who cannot be incarcerated in the Parish jails due to lack of confinement space. For instance, the Parish has entered into an agreement with the City of Patterson whereby the Parish pays the City of Patterson $14.00 per prisoner per day to house pre-trial felony detainees. On a monthly basis, the City of Patterson submits an invoice to the Parish for payments due pursuant to the agreement and, in turn, the Parish issues payment directly to the City of Patterson. These payments are included within the annual budget adopted by the Parish. The Sheriff makes the determination as to which detainees are housed in the Patterson jail. Jeremy Boudreaux was not a pre-trial felony detainee.

4. The Parish also reimburses the Sheriff for expenses incurred by the Sheriff in transporting Parish prisoners for Court appearances and medical treatment. The Parish subsequently reimbursed the Sheriff for these expenses.

5. Parish employees do not transport prisoners for any reason, and Parish vehicles are not used to transport prisoners. Parish employees are not involved in any of the decisions regarding how or when to transport Parish prisoners. The Parish does not receive any information regarding a prisoner transport until it receives a statement from the Sheriff as described above in paragraph 4.

6. The Parish also reimburses the Sheriff for the expense incurred by the Sheriff to hire a nurse to work in the Parish jails. For instance, Kathy Thornton is a nurse employed by the Sheriff, but the Parish reimburses the Sheriff for the expense incurred to hire Mrs. Thornton.

7. No Parish employees were involved in the decision of whether to transport Jeremy Boudreaux to Teche Regional Medical Center on April 8, 2006, and no Parish employees were involved in the decisions on how or when to transport Mr. Boudreaux for any required follow-up treatment.

8. Jeremy Boudreaux was placed in the Patterson City Jail at the in January of 2006 at the request of his father and as a result of alleged problems he was having with other inmates at the Centerville facility.

*- PARISH LIABILITY*

Louisiana Revised Statute 33:4715 provides, "[t]he police jury of each parish shall provide...a good and sufficient jail." Further, Louisiana Revised Statute 15:702 provides, in pertinent part, that "the governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons." See also *Langley v. City of Monre, et al.*, 582 So. 2d 367 (La.App. 2 Cir. 1991)(A police jury is charged with the duty to provide a good and sufficient jail and for the physical maintenance of parish jails and prisons.) and *Amiss v. Dumas*, 411 So.2d 1137 (La.App. 1 Cir., 1982)(Responsibility for providing a jail in each parish rests with the police jury of that parish or with city parish council....La.R.S. 15:702 places the responsibility for the physical maintenance of all parish jails and prisons upon the governing authority of each parish.)

Municipalities cannot be held liable under 42 U.S.C.A. § 1983 by virtue of the doctrine of respondeat superior but they may be subject to liability where the injury involves official custom or policy. *O'Quinn v. Manuel*, 773 F.2d 605 (C.A.5 (La.) 1985) In this case, no evidence has been presented in support of any allegations of a custom or policy of the St. Mary Parish Council or the Parish of St. Mary which directly caused, or contributed to, the plaintiffs' injuries.

A municipality may incur liability under 42 U.S.C.A. § 1983 if municipal officials have actual or constructive knowledge of constitutional violations and fail to carry out their duty to correct them. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. (La.) 1985). The general statutory scheme is that the parish is responsible for the expenses of establishing, maintaining and operating a jail and for all expenses of feeding, clothing, and providing medical treatment to prisoners. The sheriff has the duty of operating a jail and seeing to it that prisoners are properly cared for, fed, and clothed. *Amiss v. Dumas*, 411 So.2d 1137 (La.App. 1 Cir., 1982) The

Sheriff's policy-making decisions as well as his day-to-day decisions regarding the management of the jail, cannot be imputed to the Parish. *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La. 1998). Further, where a municipal body is vested with fiscal obligation to jail, its liability under 42 U.S.C.A. § 1983 for insufficient funding or maintenance will depend on its knowledge of jail conditions. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. (La.) 1985).

Neither of the defendants can be held liable for injuries sustained as a result of any alleged mistakes on the part of the St. Mary Parish Sheriff's officers or the Patterson City Police officers. Defendants can only be held liable for the inadequate conditions of a jail which they are responsible for maintaining, or for actual or constructive knowledge of the substandard conditions of the city jail.

No evidence has been provided, nor is it alleged, that the defendants, Parish of St. Mary and the St. Mary Parish Council, were responsible for maintaining any jail other than the two (2) parish jails. The Patterson City Jail was not one of the jails maintained by these defendants. Thus, these defendants cannot be held responsible for any alleged deficiencies associated with the maintenance or condition of the Patterson City Jail. In this case, these defendants were responsible for providing adequate compensation for housing of the deceased at the Patterson city jail, as per an agreement with the jail, and based on the evidence presently before the Court, there is no genuine issue of fact as to defendants having carried out this responsibility.

There is no evidence of intentional, or reckless, disregard for the conditions at the Patterson City Jail on the part of the defendants, the Parish of St. Mary and the St. Mary Parish Council. Further, there is no evidence that the Patterson City Jail was substandard, much less substandard enough that these defendants should have known of its inadequacy with respect to the medical needs of its inmates.

Accordingly, no liability can be assessed on these defendants without any evidence that the parish jails themselves were inadequate and contributed to the plaintiff's demise. No evidence has been presented in this case to support such an allegation and, therefore, defendants are entitled to summary judgment dismissing all claims against them.

## CONCLUSION

For the foregoing reasons, there is no genuine issue of material fact as to the liability of St. Mary Parish Council and the Parish of St. Mary. Plaintiffs have not put forth such evidence as to prove any responsibility on the part of the parish, or the parish council, for the injuries to the deceased, nor any deprivation of his constitutional rights.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Motion for Summary Judgment [Court Doc. #50] is GRANTED and all claims against the Parish of St. Mary and the St. Mary Parish Council are dismissed.

THUS DONE AND SIGNED on this the 17th day of June, 2009.

JUDGE RICHARD T. HAIK, SR.
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**